UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DR PEPPER/SEVEN UP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11cv398 |
| | § | |
| DR. PEPPER BOTTLING COMPANY OF DUBLIN, INC. D/B/A DR PEPPER BOTTLING COMPANY OF DUBLIN, TEXAS, | § § § § | |
| | § | |
| Defendant. | § | |

**DR PEPPER/SEVEN UP, INC.'S**
**MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

Plaintiff Dr Pepper/Seven Up, Inc. ("Dr Pepper") files this Motion for Leave to File Under Seal Dr Pepper's Motion to Dismiss Defendant's Second Amended Counterclaims and Exhibit 1 attached to that motion. This Motion to Seal is supported by good cause because Exhibit 1 attached to the Motion to Dismiss contains a confidential 2009 License Agreement between Dr Pepper and Defendant Dr Pepper Bottling Company of Dublin, Inc. ("Defendant"). Passages from Exhibit 1 are referenced in the Motion to Dismiss. Accordingly, Dr Pepper requests that the Court seal both documents.

In exercising its discretion to seal, the court must balance the public's right of access against the interests favoring non-disclosure. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Confidential trade secret information is an interest favoring non-disclosure. *See, e.g.*, *ThermoTek, Inc. v. WMI Enters., LLC*, No. 3:10-CV-2618-D, 2011 WL 1485421, at *9 (N.D. Tex. Apr. 19, 2011) (sealing exhibit to motion to dismiss containing confidential trade secret information).

- 1 -

Good cause exists to seal the Motion to Dismiss and Exhibit 1 to the motion because Dr Pepper has not publicly disclosed the 2009 License Agreement, and its specific contents are not a matter of public knowledge in the trade or business. The contents of the License Agreement qualify as trade secret information because they represent valuable business information of Dr Pepper regarding the terms of its relationship with one of its bottlers and licensees. Dr Pepper normally maintains such information as confidential given the importance of its bottler and licensee relationships to its business model, and the competitive nature of the soft drink beverage industry, generally.

Dr Pepper respectfully requests that it's Motion to Dismiss Defendant's Second Amended Counterclaims, including Exhibit 1, be maintained under Court seal until such time as the parties or the Court direct otherwise. Dr Pepper also requests such further relief to which it may be justly entitled. A proposed order is attached for the Court's convenience.

Dated: November 11, 2011　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Van H. Beckwith
　　　　　　　　　　　　　　　　　　　　　　　　Van H. Beckwith
　　　　　　　　　　　　　　　　　　　　　　　　van.beckwith@bakerbotts.com
　　　　　　　　　　　　　　　　　　　　　　　　Jonathan R. Mureen
　　　　　　　　　　　　　　　　　　　　　　　　jon.mureen@bakerbotts.com
　　　　　　　　　　　　　　　　　　　　　　　　Baker Botts L.L.P.
　　　　　　　　　　　　　　　　　　　　　　　　2001 Ross Avenue, Suite 600
　　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  214-953-6500
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  214-953-6503

　　　　　　　　　　　　　　　　　　　　　　　　Clyde M. Siebman
　　　　　　　　　　　　　　　　　　　　　　　　Lawrence A. Phillips
　　　　　　　　　　　　　　　　　　　　　　　　Siebman, Burg, Phillips & Smith, LLP
　　　　　　　　　　　　　　　　　　　　　　　　Federal Courthouse Square
　　　　　　　　　　　　　　　　　　　　　　　　300 North Travis Street
　　　　　　　　　　　　　　　　　　　　　　　　Sherman, TX 75090
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  903-870-0070
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  903-870-0066

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 11, 2011, I spoke with Defendant's attorney, Mr. Darryl Burke, via telephone and corresponded with him via email concerning this motion. The parties were unable to reach an agreement with respect to this motion. Accordingly, Dr Pepper is filing this motion as OPPOSED. The parties intend to confer further on this motion early next week. Dr Pepper will promptly file an amended certificate of service should the parties reach agreement at that time.

*/s/ Ryan L. Bangert*
Ryan L. Bangert

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was filed electronically on November 11, 2011 pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

*/s/ Van H. Beckwith*
Van H. Beckwith